JACOB HAZEN and SAMUEL F. YORK *vs.* JOHN WINSLOW JONES.

Cumberland. Decided July 1, 1878.

*Evidence. Trial.*

When a case is tried by the presiding judge without the intervention of a jury, exceptions do not lie to his rulings in relation to the sufficiency of the evidence. Whether there is any evidence in support of an action is a question of law. But whether it is sufficient is a question of fact.

ON EXCEPTIONS from the superior court.

ASSUMPSIT, on account annexed, for five loads of corn, valued at $74.12. Credit, $37.06. Balance, $37.06. No question was made by the defendant that he had the amount of corn charged, of one of the defendants, York, but he contended at the trial that whatever of the corn was received by him was under a contract with York alone, and not with Hazen and York; and after the evidence was out, requested the instruction which in the opinion appears.

*C. P. Mattocks,* for the defendant.

*J. J. Perry,* for the plaintiffs.

WALTON, J. Counsel for defendant requested the presiding justice, who tried the cause without the intervention of a jury, to rule as matter of law:

"That there is no sufficient evidence in the case on which recovery can be had for the corn delivered, without amendment of the writ by striking out the name of Hazen," which ruling was refused, and decision was rendered for plaintiffs.

To which ruling and refusal to rule the defendant excepts.

When a case is tried by the presiding judge without the inter-

vention of a jury, exceptions will not lie to his rulings in relation to the sufficiency of the evidence. Whether there is any evidence in support of an action is a question of law. But whether it is sufficient is a question of fact. *Sawyer* v. *Nichols,* 40 Maine, 212.

There was some evidence in support of the joint claim of the plaintiffs in this suit. Its sufficiency cannot be examined by the law court upon a bill of exceptions.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.